# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL CROTTI,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-1868-Orl-28DAB**

**DON NELSON, INC.,**
**DONALD A. NELSON,**
**ANGELA M. NELSON,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE (Doc. No. 21)**
>
> **FILED:**     February 21, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties have filed a settlement, general release and non-disclosure agreement (Doc. No. 21-2) and move for approval of the agreement and dismissal. At issue is whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the

FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A settlement Fairness Hearing was held on March 12, 2007, with Plaintiff and counsel for both sides present telephonically. Based on the representations of counsel, Plaintiff was employed by Defendants in the construction field during portions of 2004 through 2006. The amount of Plaintiff's entitlement to overtime was disputed by both sides, with Plaintiff claiming unpaid overtime in the estimated amount of $3,800.00. Although Defendants raised defenses regarding entitlement, the lack of specific time records led to a settlement. The settlement to Plaintiff of $3,800 in unpaid overtime and $3,800 in liquidated damages represents the full principal amount Plaintiff sought, and is therefore *per se* reasonable.

The parties have agreed that Defendants will pay Plaintiff's attorneys $3,500 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff, accruing approximately $530

in costs and expending at least 10-12 hours of time. The amount of attorney's fees and costs are not unreasonable under the circumstances of this case.

Settlement in the amount of $7,600.00 to Plaintiff for unpaid overtime and liquidated damages, and $3,500 for attorney's fees is a fair and reasonable settlement. It is **respectfully recommended** that the settlement agreement be **APPROVED** and this cause be **DISMISSED** with prejudice, as requested by the parties.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy